The United States District Court For The
Western District of Louisiana
Shreveport Division

| | | |
|---|---|---|
| Colonel Wade Caskey and Brian Lee | § | |
| | § | C.A. No. _____ |
| vs. | § | |
| | § | |
| Canal Insurance, Tom's Auto Transport, Inc., | § | |
| Thomas H. Chavez and Union Pacific | § | Jury Trial Demanded |
| Railroad Company | § | |

**<u>Plaintiffs Colonel Wade Caskey and Brian Lee's Complaint</u>**

To The Honorable Judge of Said Court:

Come Now Colonel Wade Caskey and Brian Lee, complaining of Tom's Auto Transport, Inc., Thomas H. Chavez, Canal Insurance ("Trucking Defendants") and Union Pacific Railroad Company for cause of action would show unto this Honorable Court as follows:

**<u>Parties</u>**

1.      Plaintiffs, Colonel Wade Caskey and Brian Lee, are railroad workers and residents and citizens of the State of Louisiana.

2.      Defendant Tom's Auto Transport, Inc. ("Tom's") is a foreign corporation doing business in the State of Louisiana.  Service of process may be had upon its registered agent, Mr. Thomas H. Chavez, 6303 Zenith, Dallas, Texas 75212.

3.      Defendant Thomas Chavez ("Chavez") is an individual residing in the State of Texas. Service of process may be had upon Defendant Chavez at 2501 Damsel Bella Boulevard, Lewisville, Texas 75056.

4.      Defendant Canal Insurance ("Canal") is a foreign insurance company doing business in the State of Louisiana.  At all time material hereto, there was in full force and effect a policy

and/or policies of insurance issued by Canal or, in the alternative, an affiliate thereof, providing liability coverage to Tom's Auto Transport, Inc., its employee/servants and tractor-trailer.  Canal may be served through the Louisiana Secretary of State, Legal Services Sections, 8585 Archives Ave., Baton Rouge, LA 70809.

5.      Defendant Union Pacific Railroad Company ("UPRR") is a foreign corporation which resides in and is subject to personal jurisdiction in the Western District of Louisiana in that it has regular and systematic contact with this District.  Service of process may be had upon Defendant UPRR by serving its registered agent C.T. Corporation System, 3867 Plaza Tower Dr., Baton Rouge, Louisiana 70816.

6.      At all times mentioned in this complaint, Defendant UPRR was a common carrier by railroad engaged in interstate commerce through and between the several states.  At all relevant times, Mr. Caskey and Mr. Lee were employed by Defendant UPRR to further those activities.

Venue and Jurisdiction

7.      Plaintiff's rights and remedies against Defendant UPRR arise under the Federal Employers' Liability Act, 45 U.S.C.§51 *et seq.*, this court has jurisdiction in this case pursuant to Federal Employers' Liability Act, 45 U.S.C. §51, *et seq*.  There is specific jurisdiction over defendants as this cause of action arose in this district and division.

8.      Venue is proper in this matter pursuant to the terms of Title 28 U.S.C. §1391(b)(1-2) in that the cause of action arose in the Western District of Louisiana and Defendant resides in the Western District of Louisiana and has regular and systematic contacts with this District and the cause of action arose in this district and division.

**Facts**

9.      On or about February 4, 2022, Mr. Caskey and Mr. Lee were passengers on Defendant UPRR's lead locomotive.  Mr. Caskey was working as the locomotive engineer and Mr. Lee was working as a conductor.   At or about 11:00 a.m., UPRR's lead locomotive was headed westbound while honking its horn and it had all its warning lights on.  Trucking Defendant's northbound tractor-trailer recklessly drove in front of the oncoming train and collided with UPRR's westbound locomotive and rail cars. The wreck happened at the private rail crossing just south of the intersection of Greenwood Cemetery Road and McGee Road.   Trucking Defendants thereby negligently caused a wreck with the UPRR train.  Mr. Caskey suffered injuries to his back, neck and other parts of his body in the wreck.  Mr. Lee suffered injuries to his back and other parts of his body in the wreck.  Tom's Auto Transport, Inc. is owned by Chavez.

**Cause of Action Against Trucking Defendants**

10.      Defendants Tom's Auto Transport, Inc. and Chavez, acting by and through its agents, servants or employees, negligently operated the tractor-trailer that collided with the locomotive Mr. Caskey and Mr. Lee were riding in and caused the subject collision.   In addition, Trucking Defendants negligently entrusted the vehicle in question to its agents, servants or employees involved in the crash.  Trucking Defendants also negligently hired and retained its agents, servants or employees involved in the crash.  The negligence in question of Trucking Defendants, singularly, in combination, or in the alternative was a proximate cause of Mr. Caskey and Mr. Lee's injuries.

11.      Specifically, but not limited to the following, Trucking Defendants acting through their agents and employees, were negligent in the following particulars:

a)      In failing to keep and maintain a proper lookout;

b)      In attempting to cross the railroad tracks when it was unsafe to do so;

c)      In failing to brake;

d)      In failing to stop for the approaching train;

e)      In failing to listen to the locomotive horn and bell;

f)      In failing to heed the train's warning lights, horn and bell;

g)      In failing to pay attention and avoid the wreck; and

h)      In failing to operate the vehicle in a safe manner.

12.      In addition, Trucking Defendants unreasonably violated its duties to Mr. Caskey and Mr. Lee and violated state laws and statutes.  Trucking Defendants also violated federal law, regulations and rules including but not limited to the federal motor carrier safety regulations, including, but not limited to 49 CFR §392.11.  Trucking Defendant's violations amounted to negligence *per se*.  Trucking Defendants knew or should have known that its negligence and wrongdoing would, more likely than not, cause injury.

## FELA Cause of Action

13.      Mr. Caskey, while performing his duties as a worker in the transportation department and while acting in the course and scope of said employment, suffered injury to his back, neck and other parts of his body as the result of the collision on February 4, 2022.  Mr. Lee, while performing his duties as a worker in the transportation department and while acting in the course and scope of said employment, suffered injury to his back and other parts of his body as a result of the collision on February 4, 2022.  The injuries to Mr. Caskey and Mr. Lee were due in whole or in part to the negligence of UPRR, its agents, servants, or employees acting in the course and scope of their employment.  Specifically, but without limitation, UPRR failed to provide Mr. Caskey and Mr. Lee

with a safe place to work.

14.     The injury was caused by the negligence of UPRR, its agents, servants or employees acting in the course and scope of their employment.  Specifically, but without limitation, UPRR failed to provide Mr. Caskey and Mr. Lee with a safe place to work; failed to safely inspect, repair and maintain; failed to warn; failed to provide reasonably safe equipment including restraints and padding, failed to establish and enforce proper safety procedures; failed to train on what to do in the event of a grade crossing collision; failed to follow applicable rules, regulations, codes and industry standards and failed to properly instruct, supervise and train.  UPRR knew or should have known that its negligence and wrongdoing would, more likely than not, cause injury.

## Damages

15.     As a proximate and legal result of Defendants' negligence and wrongdoing, Mr. Caskey and Mr. Lee have suffered serious injuries and permanent impairment to their body.  These injuries have had a serious effect on Mr. Caskey and Mr. Lee's health and well-being.

16.     Prior to these injuries, Mr. Caskey and Mr. Lee were persons in good health.  The injuries described herein changed that.  In the alternative, the negligence and injuries described herein caused any pre-existing conditions Mr. Caskey and Mr. Lee may have had to get much worse. This in turn caused in whole or in part the damages listed herein.

17.     Because of the nature and consequences of their injuries, Mr. Caskey and Mr. Lee have suffered great physical and mental pain, disfigurement, suffering and anguish in the past and future.

18.     At the time of the incident complained of, Mr. Caskey and Mr. Lee were gainfully employed.  Mr. Caskey and Mr. Lee have lost wages and benefits in the past and will have a loss of future earning capacity.

19.     As a further result thereof, Mr. Caskey and Mr. Lee have incurred expenses for medical care and attention, such as physicians' fees, medical supplies, appliances, medicine, hospitalization and nursing service in the past and future.  These expenses were incurred for necessary care and treatment of the injuries resulting from the incidents complained of above.  The charges for the said expenses were reasonable and they were the customary charges made for such services in the area in which they were rendered.

20.     As a further result of the injuries sustained by Mr. Caskey and Mr. Lee, they will, within reasonable medical probability, incur future expenses for their medical care and attention.

21.     As a result of the incidents complained of herein, Mr. Caskey and Mr. Lee have suffered in the past and, within reasonable medical probability, will continue to suffer in the future from physical impairment.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Mr. Caskey and Mr. Lee request that Defendants be summoned to appear and answer, and that upon final trial, judgment be rendered against Defendant, in excess of SEVENTY-FIVE THOUSAND AND NO/100THS DOLLARS ($75,000.00), exclusive of interest and costs, prejudgement interest from non-fela defendants, plus post-judgment interest at the legal rate from all Defendants, and for all costs of court.  Mr. Caskey and Mr. Lee would further pray for any such other relief, both at law and in equity, to which he may show himself justly entitled.

Respectfully submitted,


/s/ Bristol Baxley
Bristol Baxley
La. Bar No. 30199
Rome, Arata & Baxley, L.L.C.
9307 Broadway, Ste. 309
Pearland, Texas 77584
281-993-0000
281-993-0035 Fax
bristol@bristolbaxleylaw.com p

ATTORNEY FOR PLAINTIFF